## (December 28, 1965)

In the Matter of the Arbitration between SWEET ASSOCIATES, INC., Respondent, and CENTRAL SCHOOL DISTRICT NO. 3 OF THE TOWNS OF ROTTERDAM, SCHENECTADY COUNTY, AND GUILDERLAND AND COLONIE, ALBANY COUNTY, Appellant. In the Matter of SWEET ASSOCIATES, INC., Respondent, v. CENTRAL SCHOOL DISTRICT NO. 3 OF THE TOWNS OF ROTTERDAM, SCHENECTADY COUNTY, AND GUILDERLAND AND COLONIE, ALBANY COUNTY, et al., Appellants.— HAMM, J. Two appeals, one by the school district from an order denying its motion to modify a judgment and the other by the school district and coappellants from a judgment in a CPLR article 78 proceeding. The school district and the respondent contracted for the construction of a school building. On com-

pletion of the project a dispute arose and the disputed issues were submitted to arbitration pursuant to the provisions of the contract. An award was made and confirmed, we affirmed the judgment and also an order denying a subsequent motion to reargue the motion of confirmation (21 A D 2d 726) and motion for leave to appeal was denied (14 N Y 2d 490). The motion, from the denial of which this appeal is taken, was brought to modify the judgment on the grounds that the court lacked jurisdiction in awarding certain interest charges, in confirming certain arbitrators' fees and expenses and in confirming so much of the award as exceeded the amount authorized to be expended by the voters of the school district pursuant to the resolution which they had adopted. All of these issues could have been litigated and also raised on the prior appeal. Whether or not they were raised, they are not now available as the appellant on its first appearance contested the jurisdiction of the arbitrators to render the award made. In March of 1965 the respondent commenced an article 78 proceeding in the nature of mandamus to compel payment of the judgment entered on confirmation of the arbitration award and also of a judgment awarding costs on appeal, naming the School District and individual members of the School District Board and its officers. The appellants did not serve an answer but submitted affidavits of their attorney and their clerk to the effect that the issues raised on the theretofore denied motion had not "been determined by any higher Court" and that they had not undertaken and could not, as a matter of law, "undertake any action upon the alleged sum due" until their legal remedies had been exhausted. Special Term properly was not impressed and granted the application. The judgment rendered did not require satisfaction from funds in the hands of the appellant treasurer but provided for payment "from funds obtained by taxation, or the proceeds of a bond issue, in accordance with the pertinent provisions of the General Municipal Law, the Education Law and the Local Finance Law". The appellant is a municipal corporation (General Corporation Law, § 3, subd. 2). It is also a Central School District. Pursuant to section 1805 of the Education Law a Central School District has the same powers as a Union Free School District and under section 1710 of the Education Law a Union Free School District has the same powers as a Common School District. Section 1718 of the Education Law provides: "No board of education shall incur a district liability in excess of the amount appropriated by a district meeting unless such board is specially authorized by law to incur such liability." But subdivision 26 of section 1709 of the Education Law authorizes Union Free School Districts: "To pay any judgment levied against the school district and in the event there are no moneys otherwise available, to levy a tax upon the taxable property of the district to pay the same." And subdivision 12 of section 1604 requires Common School Districts: "To collect by district tax an amount sufficient to maintain school in the district for the current school year, including any judgment rendered against the district". We think the judgment was well within statutory authority and, indeed, paragraph (a) of subdivision 33 of section 11.00 of the Local Finance Law provides means for borrowing to pay a judgment or claim. Order affirmed, with $75 costs, and judgment affirmed, with $75 costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.